```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**FELIX BRIZUELA,**

      **Plaintiff,**

  v.                                    CIVIL NO. 1:22-CV-87
                                                (KLEEH)

**DRUG ENFORCEMENT ADMINISTRATION,**

      **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 7] IN PART AND DISMISSING ACTION WITH PREJUDICE**

On September 6, 2022, the pro se Plaintiff, Felix Brizuela, filed a Complaint against the Drug Enforcement Administration. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. On September 20, 2022, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the action without prejudice for failure to state a claim.

The R&R informed Plaintiff that he had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned him that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by

the Circuit Court of Appeals." Plaintiff filed two sets of objections to the R&R [ECF Nos. 9, 10]. In his Objections, however, Plaintiff does not specifically object to any of the Magistrate Judge's findings. Rather, he objects to the Magistrate Judge's engagement in the initial screening process.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

General objections to a magistrate judge's report and recommendation are tantamount to a failure to object because they do not direct the court's attention to any specific portions of the report. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is not required where objections are general and conclusory); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or

recommendation on that issue with sufficient specificity as reasonably to alert the district court of the true ground for the objection.").

Here, again, Plaintiff does not object to any of the Magistrate Judge's findings. Plaintiff objects to the initial screening process. In fact, Plaintiff writes, "There is no need for me to respond to your objections, since they must come directly from the defendants and my responding will do no good." As such, the Court is under no obligation to conduct a de novo review. Accordingly, the R&R was reviewed for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS IN PART** the R&R [ECF No. 7]. Rather than dismissing without prejudice as recommended, the Court finds that the action shall be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket. The motion to proceed in forma pauperis is **DENIED** [ECF No. 2].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via email and the pro se Plaintiff via certified mail, return receipt requested.

DATED: June 13, 2023

_/s/ Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA